IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD RICHARD,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:22-cv-1075-JDW |
| : | |
| **FRESCO SYSTEMS, USA,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

Plaintiff Edward Richard filed a *pro se* civil action alleging that he was discriminated against by his employer Fresco Systems, USA ("Fresco Systems"), and an individual, Eric Bronstein. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Richard leave to proceed *in forma pauperis*, it will dismiss some parts of his Complaint with prejudice, and it will permit the remainder of his Complaint to proceed.

**I.    FACTUAL ALLEGATIONS**

Mr. Richard began his employment with Fresco Systems in 2013 while working on a college degree. He contends that after earning his degree, he did not get promotions for which he was qualified. For example, in April 2019, he applied for a "Quality Director" position but did not receive an interview because he is African-American. Fresco Systems hired a Caucasian employee instead. Fresco Systems relied upon an outdated resume to determine that he was not qualified, but that was a pretext for discrimination. When Fresco Systems offered him a position, the salary was lower than someone had told him

it would be. In May 2019, Fresco Systems promoted two Caucasian employees to the position of "Team Leader," a position that Mr. Richard desired and for which he was qualified. Fresco Systems "never posted these positions internally or externally." (ECF No. 2-1 at 4.) Fresco Systems has paid Mr. Richard less than similarly situated Caucasian employees and, to his knowledge, Fresco Systems "has very few African American employees in management." (*Id.*)

Mr. Richard filed suit on March 15, 2022. He asserts claims under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. He names both Fresco Systems and Eric Bronstein, who appears to be an attorney who defended Fresco Systems in administrative proceedings before the EEOC.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Because Mr. Richard is proceeding *pro se*, the

Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Richard has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* shows that he has some assets and some income, but substantial monthly obligations, including supporting a family of six. The Court concludes that he lacks the income or assets to pay the required filing fees. The Court will grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of Allegations

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623, 42 U.S.C. § 12112). A plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213. Mr. Richard has alleged facts that, if proven, state a claim against Fresco Systems for racial discrimination.

Mr. Richard's claims against Mr. Bronstein cannot survive, though. Title VII only applies to employers, not to individual employees of an employer. *See* 42 U.S.C. § 2000e-2(a)(1); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996)

(*en banc*). Mr. Bronstein did not employ Mr. Richard. He did not even work for Mr. Richard's employer. So he cannot be liable under Title VII. The PHRA does apply to individuals who aid or abet discrimination. *See* 43 Pa. Cons. Stat. § 955(e). But Mr. Richard has not alleged that Mr. Bronstein aided and abetted any of Fresco Systems' practices. To be clear, a lawyer who represents a client—even a client accused of discrimination—does not aid and abet that conduct. The Court will therefore dismiss the claims against Mr. Bronstein. Because Mr. Richard cannot cure these problems in an amended pleading, the Court will dismiss them with prejudice.

### C. Motion For Counsel

Mr. Richard has asked the Court to appoint a lawyer to represent him. However, his request for appointment of counsel demonstrates that he has already contacted many of the lawyers that this Court would consider for appointment in his case, and Mr. Richard declined to hire them because they "cost too much." (ECF No. 3 at 1.) The Court will not force lawyers to reduce their fees to take Mr. Richard's case. The Court therefore declines to refer this case to the Court's panel for employment disputes.

### IV. CONCLUSION

The Court will dismiss with prejudice Mr. Richard's claims against Mr. Bronstein with prejudice and permit him to serve his claims against Fresco Systems.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
March 31, 2022  **JOSHUA D. WOLSON, J.**